**Baldev SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–73675.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.[*]

Filed March 2, 2009.

Alan M. Kaufman, Esq., Kaufman Law Office, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of The District Counsel Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service Office of The District Counsel, Seattle, WA, Laura Thomas Rivero, U.S. Attorney's Office Southern District of Florida, Miami, FL, for Respondent.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Baldev Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003), and we deny the petition for review.

Even if Singh established past persecution on account of an imputed political opinion, substantial evidence supports that IJ's determination that the government rebutted the presumption that Singh had a well-founded fear of future persecution by demonstrating that country conditions in India changed significantly since his departure. *See id.* at 999. The IJ rationally construed the country reports in the record and provided a sufficiently individualized analysis of Singh's situation. *See id.* at 998–99. Accordingly, Singh's asylum claim fails.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1001 n. 5.

Substantial evidence supports the IJ's denial of CAT relief because Singh failed to establish it was more likely than not

that he would be tortured if he returns to India. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

